IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ MARIE BONANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  20-4085 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                            December 20, 2021

Luz Marie Bonano[2] ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claim for supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on April 13, 1967, and protectively filed for SSI on July 2, 2018, alleging disability as of October 22, 1997, due to epilepsy, asthma, major depression, pain in her back and osteoarthritis of the knees.  Tr. at 40, 43, 76, 165, 179,

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]In many of the administrative documents, Plaintiff's last name is misspelled "Bobano."  At the administrative hearing, Plaintiff confirmed that the correct spelling of her last name is "Bonano."  Tr. at 37-38.

183.[3]  After her claim was denied initially, id. at 78-82, she requested a hearing before an administrative law judge ("ALJ"), id. at 83, which was held on April 17, 2019.  Id. at 36-61.  On May 13, 2019, the ALJ issued her decision denying Plaintiff's claim.  Id. at 18-28.  On June 19, 2020, the Appeals Council denied Plaintiff's request for review, id. at 4-6, making the ALJ's May 13, 2019 decision the final decision of the Commissioner.  20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing her complaint on August 20, 2020.  Doc. 2.  In response to Plaintiff's brief in support of her request for review, see Doc. 14, Defendant filed an uncontested motion for remand to allow an ALJ to "further evaluate Plaintiff's claims, offer Plaintiff the opportunity for a new hearing, and issue a new decision."  Doc. 17 ¶ 3.[4]

## II. DISCUSSION

Plaintiff's severe impairments as found by the ALJ include osteoarthritis of both knees, back disorder, asthma, seizure disorder, migraines, and depression.  Tr. at 20.  In her assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found

---

[3]In the Disability Report, Plaintiff listed only epilepsy, asthma, and major depression as the conditions limiting her ability to work.  Tr. at 183.  However, at the administrative hearing, Plaintiff also testified that she has back problems and osteoarthritis of the knees.  Id. at 40, 43.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 7 (consent to proceed before the Honorable Henry S. Perkin); Doc. 18 (consent to the undersigned after reassignment due to Judge Perkin's retirement).

Plaintiff capable of performing light work with certain postural, environmental, and skill limitations. Id. at 23.[5] Plaintiff challenges the RFC assessment, arguing that the ALJ failed to properly consider Plaintiff's use of a cane, which impeded her ability to lift and carry twenty pounds,[6] and failed to include any limitation to account for Plaintiff's migraines. Doc. 14 at 3-11.

With respect to the use of the cane, the ALJ relied on forms completed (or partially completed) by Plaintiff and notations in records indicating that Plaintiff was not using a cane. Tr. at 24, 25. Plaintiff argues that the forms she completed were written in English[7] and that the failure to check all of the relevant boxes was a "minor oversight." Doc. 14 at 6. Additionally, Plaintiff argues that the notation in her allergist's notes on which the ALJ relied predated Plaintiff's prescription for a back brace and cane. Id.

With respect to Plaintiff's migraines, the ALJ acknowledged Plaintiff's history of migraines and seizures, tr. at 20, 26, but failed to include any limitations in the RFC

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

[6] According to Plaintiff, the ALJ's determination that she is capable of performing light work is essential to the determination that she is not disabled because, based on her age and having no transferrable work skills, if she were limited to sedentary work, the Medical-Vocational Guidelines direct a finding of disability. Doc. 14 at 3 (citing 20 C.F.R. Part 404, Subt. P, App. 2, § 201.12).

[7] Although Plaintiff testified that she completed high school speaking English, her daughter interpreted for her during the administrative hearing, translating the proceedings to Spanish. Tr. at 36-37, 39.

3

assessment specifically addressing the migraines. It is unclear whether the ALJ determined that no limitations were necessary based on her reference to two appointments wherein Plaintiff had no complaints of migraines, id. at 24-25 (citing id. at 688, 690 – notes of allergist Nasira Majid, M.D., indicating Plaintiff denied migraines on 10/18/18 and 11/15/18), or if the ALJ mistakenly neglected to include limitations related to the migraines.

Defendant has stated that on remand, an ALJ will further evaluate Plaintiff's claims, offer a new hearing, and issue a new decision. Doc. 17 ¶ 3. Because further evaluation of Plaintiff's claims should address the issues she has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.[8]

### III. CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand. An appropriate Order and Judgment Order follow.

---

[8] Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 14 at 11-13 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.